**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 05-4640**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

WILLIE DUMAS, III,

Defendant - Appellant.

---

Appeal from the United States District Court for the Southern District of West Virginia, at Beckley.  Joseph Robert Goodwin, District Judge. (CR-04-58)

---

Submitted:  June 21, 2006          Decided:  July 18, 2006

---

Before WILKINSON, NIEMEYER, and SHEDD, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

Marc L. Resnick, Washington, D.C., for Appellant. Charles T. Miller, Acting United States Attorney, Miller A. Bushong, III, Assistant United States Attorney, Beckley, West Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Willie Dumas, III, appeals his conviction and 262-month sentence for conspiracy to possess with intent to distribute fifty grams or more of crack cocaine, in violation of 21 U.S.C. §§ 841(a)(1), 846 (2000). Dumas pleaded guilty but reserved the right to appeal the district court's denial of his motion to suppress evidence and statements. We affirm.

The factual findings underlying a motion to suppress are reviewed for clear error, while the legal determinations are reviewed de novo. See Ornelas v. United States, 517 U.S. 690, 691 (1996); United States v. Rusher, 966 F.2d 868, 873 (4th Cir. 1992). When a suppression motion has been denied, we review the evidence in the light most favorable to the government. See United States v. Seidman, 156 F.3d 542, 547 (4th Cir. 1998).

To assert a Fourth Amendment challenge to the Government's use of evidence obtained during the search of the plastic shopping bag, Dumas must establish that he had "a legitimate expectation of privacy" in the bag. See Rakas v. Illinois, 439 U.S. 128, 148-49 (1978). "A subjective expectation of privacy is legitimate if it is one that society is prepared to recognize as reasonable." Minnesota v. Olson, 495 U.S. 91, 95-96 (1990). The defendant has the burden of showing that he has a reasonable expectation of privacy in the area searched. See Rawlings v. Kentucky, 448 U.S. 98, 104 (1980). Our review of the

record leads us to conclude that the district court correctly denied Dumas' motion to suppress evidence and statements.

We grant Dumas' motion to file a pro se supplemental brief.  We have considered the arguments presented in that brief and find them to be without merit.  We therefore affirm Dumas' conviction and sentence.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED